John BYRNE, Plaintiff–Appellee,

v.

AVON PRODUCTS, INC.,
Defendant–Appellant.

Nos. 04–1563, 04–4100.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 2, 2004.*

Decided Dec. 21, 2004.

Elizabeth Hubbard, Hubbard & O'Connor, Chicago, IL, for Plaintiff–Appellee.

Richard H. Schnadig, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendant–Appellant.

Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.

### Order

On an earlier appeal, we held that John Byrne could prevail under the Family and Medical Leave Act by showing at trial that

---

* This successive appeal has been submitted to the original panel, ·see Operating Procedure 6(b), which has concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

he had been medically unable to notify Avon of his problems (and need for leave), and that Avon should have perceived his problem without formal notice. 328 F.3d 379 (2003). The jury found that Byrne had proved these things and is entitled to relief. After a false start (the judgment did not specify the relief to which Byrne is entitled), the district court has entered a proper judgment and Avon's contentions are ready for decision.

Avon's principal argument is that the evidence does not support the verdict. That's a tough row to hoe on appeal from a jury's decision. Our original decision laid out what Byrne needed to prove. We would not have remanded had we thought that the evidence could not support a verdict in Byrnes's favor. Avon does not contest the instructions given in the light of our decision. And the jury, having heard evidence about Byrne's condition, was entitled to conclude that Avon knew about his medical problem before the discharge—in part by observing Byrne's changed behavior at work, and in part by news relayed from Byrnes's relatives. The evidence, taken in the light most favorable to the verdict, is sufficient.

According to Avon, some of the evidence supporting the verdict should not have been admitted. It objects to the details developed by diagnoses after the discharge. The district judge did not abuse her discretion in admitting this evidence. Avon cannot be charged with knowledge of the future, but these diagnoses also helped the jury understand how Byrne likely had been behaving at work before the discharge, and thus while Avon had time to draw appropriate inferences. That evidence bore not only on the question whether Byrne had a serious medical condition (an essential condition for FMLA leave) but also on the questions whether Avon likely knew of Byrne's need for FMLA leave and whether Byrne had been capable of giving notice himself.

Some $70,000 of the judgment represents liquidated (doubled) damages under the Fair Labor Standards Act, whose remedial provisions the FMLA incorporates. Avon contends that Byrne failed to prove its "bad faith" and thus is not entitled to liquidated damages. The statute provides, however, that liquidated damages are presumed unless the employer demonstrates that it acted reasonably and in good faith. See, e.g., Shea v. Galaxie Lumber & Construction Co., 152 F.3d 729, 733 (7th Cir.1998). The jury returned a special verdict that Avon had not acted in good faith. Liquidated damages follow automatically if this verdict is supported by the evidence—as it was. Avon stresses evidence that would have supported a contrary verdict that it acted in good faith. Maybe so, but juries are entitled to choose among inferences supported by the record. No more need be said.

AFFIRMED